IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

SHEILA K. BERROCAL, AS ADMINISTRATRIX OF THE
ESTATE OF LUIS STANLEY BERROCAL, DECEASED
AND ON BEHALF OF THE STATUTORY BENEFICIARES
OF THE ESTATE OF LUIS STANLEY BERROCAL                         PLAINTIFFS

vs.                                CASE NO. CV 2016-587

DEMENT CONTRUCTION COMPANY, LLC A/K/A
DEMENT CONTRUCTION COMPANY OF TN, LLC                         DEFENDANT

## WRONGFUL DEATH COMPLAINT

COMES NOW, Sheila K. Berrocal, as Administratrix of the Estate of Luis Stanley Berrocal, deceased, and for the cause of action against Defendant, and each of them, and alleges and states as follows:

1. Plaintiff, Sheila K. Berrocal, was appointed as the Administratrix of the Estate of Luis Stanley Berrocal, deceased, by the Chancery Court of Desoto County, Mississippi, by an Order dated September 30, 2014, with that Court issuing Letters of Administration on September 30, 2014, in case number 14-CV-1924. On July 7, 2016, the Circuit Court of Crittenden County, Arkansas, under case number PR-2016-122, opened and Ancillary Estate and appointed Sheila K. Berrocal as the Administratrix of the Estate of Luis Stanley Berrocal, deceased, with that Court issuing Letters of Administration on July 13, 2016. At the time of his death, Luis Stanley Berrocal was a resident of Olive Branch, Desoto County, Mississippi. However, pursuant to Ark. Code Ann. § 28-40-102(a)(3), an Ancillary Estate was filed and is being maintained "in the county in which he ... died", which is Crittenden County, Arkansas.

2. The defendant, Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC is a foreign corporation organized and existing and having its principal

place of business in Jackson, Tennessee, at the time of the incident herein complaint of, was doing business in the State of Arkansas.

3. Specifically, defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC was the general contractor for the seismic retrofit of the Hernando Desoto/I-40 bridge in West Memphis, Crittenden County, Arkansas.

4. The sequence of events and occurrences of August 22, 2014, that caused the wrongful death of Luis Stanley Berrocal, occurred on a construction job site in Crittenden County, Arkansas. Therefore, venue is proper under A.C.A. 16-60-101, which states that civil actions of this type shall be brought in the county in which a substantial part of the event or omission giving rise to the cause of action occurred.

5. This Court has jurisdiction of both the parties and of the subject matter and venue is properly laid in this honorable court.

6. Plaintiff states and alleges that, on August 22, 2014, Luis Stanley Berrocal was employed by Payne Steel Erectors, Inc. and was assigned to do work on the seismic retrofit of the Hernando Desoto/I-40 bridge in West Memphis, Crittenden County, Arkansas.

7. Plaintiff states and alleges that, on August 22, 2014, Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC was the prime or general contractor on the project known as the I-40 Bridge Seismic Retrofit in which concrete, reinforcing steel and pipe piles were added to the bridge's foundation as well as bearing replacement and expansion joint replacement.

8. Plaintiff states and alleges that the work on the bridge's foundation was done in part through the use of aerial lifts. Aerial lifts used in the bridge's foundation work were leased or owned by defendant and supplied by Defendant Dement Construction Company, LLC a/k/a Dement

Construction Company of TN, LLC which then made them available to the workers, including Luis Stanley Berrocal.

9. Specifically, on August 22, 2014, Luis Stanley Berrocal, while employed by Payne Steel Erectors, Inc., was using a Genie S-65 aerial lift, leased and supplied by Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, with an elevated work platform with two other people on the Genie S-65 with him. An employee of Defendant specifically instructed Luis Stanley Berrocal and his co-workers to use that lift to get back to work on the bridge. Although three people were on the Genie S-65 aerial lift's work platform, including Luis Stanley Berrocal, the Genie S-65 work platform did not have a safety cord for Luis Stanley Berrocal and the work platform was only rated for two people. Also, Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC specifically instructed and sent Luis Stanley Berrocal up on its Genie S-65 aerial lift at the time of the incident that resulted in his death.

10. In order to do his job, as instructed and controlled by Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, Luis Stanley Berrocal stepped off the Genie S-65's platform onto the diaphragm wooden form which extended beyond and below the bridge's deck with exposed and protruding reinforced steel below that wooden form. When standing on the wooden form, as instructed to do so by Defendant and as controlled by Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, there was no protection in place to prevent or to protect someone from falling either on the ground below or onto the exposed and protruding reinforced steel below. The exposed and protruding reinforced steel below Luis Stanley Berrocal was not guarded to eliminate the hazard of impalement.

11.     Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, as general contractor, assigned and maintained its own superintendent and assistant superintendents on the job site at all times.

12.     Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, as general contractor, was to continually monitor the job site for unsafe work conditions or conduct. Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC's superintendent and assistant superintendents also was to continually monitor the work progress and performance of all subcontractors on the job.

13.     As general contractor, it was Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC's job to enforce all safety rules on the job site and to ensure its subcontractors were properly qualified before their work began and all work was being performed in a safe manner, to specifically include the reinforced steel work being performed by Luis Stanley Berrocal and his employer Payne Steel Erectors, Inc.

14.     As general contractor, Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, through its superintendent and assistant superintendents assigned to this job site, had the authority to stop all unsafe activity on the job site.

15.     As general contractor, Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, through its superintendent and assistant superintendents assigned to this job site, had direct control and authority over the manner and method in which the reinforced steel work being performed by Luis Stanley Berrocal and his employer Payne Steel Erectors, Inc.

16.     Pursuant to 29 CFR 635, other laws and its contract, as general contractor, Defendant

Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, in its performance of the contract for the I-40 Bridge Seismic Retrofit project, had a duty to comply with all applicable Federal, State and local laws governing safety, health, and sanitation. Also, as general contractor, Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC had a duty to provide all safeguards, safety devices and protective equipment and take any other needed actions reasonably necessary to protect the life and health of employees on the job, including subcontractors, in connection with the performance of the work covered by the contract.

17. Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC breached the duties set forth above in paragraph 18 by failing to provide proper and sufficient safeguards and protective equipment on the aerial lift supplied and owned by it and failed to recognize and eliminate the hazard of falling and or being impaled by the reinforced steel.

18. As a result of the breach of the duty by Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, and due to the lack of safeguards, safety devices and protective equipment, Luis Stanley Berrocal fell off the diaphragm wooden form which extended beyond and below the bridge's deck to his death below.

19. Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC Defendants was negligent and failed to use ordinary care for the safety of Luis Stanley Berrocal, and others on the job site, in the following particulars:

    a. Failing to inspect and maintain a safe worksite;

    b. Failing to train workers in proper safety procedures;

    c. Failing to provide fall protection training to employees and subcontractors;

    d. Failing to provide fall protection equipment;

  e. Failing to properly supervise workers and subcontractors;

  f. Failing to provide safe plans for construction;

  g. Failing to prevent the operation of lift equipment in a manner it knew or should have known was unreasonably dangerous;

  h. Failing to warn of dangerous conditions;

  i. Failing to enforce safety rules; and

  j. Failed to provide Luis Stanley Berrocal with a safety cord for his use upon exiting the aerial lift's work platform; and

  k. Failed to provide Luis Stanley Berrocal with a safety cord for his use on the bridge itself once he exited the aerial lift's work platform.

20. During the period Luis Stanley Berrocal was on this job site, the Defendant created a hazard or dangerous condition, exposed workers to a hazard or dangerous condition, failed to correct a hazard or dangerous condition, and/or failed to require the correction of a hazard or dangerous condition on the job site.

21. Defendant knew or ought to have known, in the light of the surrounding circumstances, their conduct would naturally and probably result in injury and/or death and they continued such conduct in reckless disregard of the consequences. Examples of the Defendant's reckless conduct includes, but is not limited to:

  a. Exposing employees to falls greater than hundred (100) feet;

  b. A failure to ensure workers in aerial lift were tied off to the boom, to the basket or to the bridge itself exposing workers to a fall hazard of over 100 feet;

      c.    A failure to ensure that workers required to operate aerial lifts were qualified to operate the machinery thereby exposing workers to fall and/or crushing; and

      d.    The lift provided by Defendant did not have a safety cord for use by Luis Stanley Berrocal when he exited the aerial lift's work platform onto the bridge as specifically instructed to do so by one of Defendant's employees.

22. Defendant knew or ought to have known that a worker who falls from an aerial lift, or an area where the aerial lift dropped them off, would be permanently disabled or killed, and Defendant should have made sure there was a safety cord available for Luis Stanley Berrocal on both the aerial lift's work platform and on the bridge itself once he exited the work platform.

23. However, in the days leading up to the death of Luis Stanley Berrocal, multiple workers over multiple work shifts were exposed to fall hazards without protection, exposed to being crushed or falls from aerial lifts operated next to high and unprotected areas.

24. Plaintiff hereby requests a trial by jury.

25. That as a direct and proximate cause of the combined negligence and reckless conduct of Defendant, Luis Stanley Berrocal fell to his death and suffered a wrongful death. The damages sought are far in excess of the amount required for Federal Court jurisdiction in diversity of citizenship cases. Plaintiff is entitled to recover on behalf of the Estate and all statutory heirs the following elements of damages, which include but are not limited to:

      (a)    Pecuniary damages in the form of the value of any benefits, including money, good and services that the deceased would have contributed to the deceased's wife and statutory beneficiaries had he lived,

(b) Mental anguish suffered and reasonably probable to be suffered in the future by the deceased's wife and statutory beneficiaries,

(c) Loss of consortium for the deceased's wife,

(d) The value of any earnings, profits, salary and working time lost by the deceased person prior to his death,

(e) Loss of life,

(f) Conscious pain and suffering of the deceased prior to his death; and

(g) The reasonable value of funeral expenses.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Sheila K. Berrocal, as Administratrix of the Estate of Luis Stanley Berrocal, deceased,, prays for judgment against the Defendant Dement Construction Company, LLC a/k/a Dement Construction Company of TN, LLC, for compensatory damages in amounts in excess of the amount required for Federal Court jurisdiction in diversity citizenship cases and all other proper relief to which the Plaintiff is entitled.

SHEILA K. BERROCAL, As Administratrix of the Estate of LUIS STANLEY BERROCAL, DECEASED

By:_____
Todd W. Griffin, Ark Bar # 91064
Law Offices of Todd Griffin
415 N. McKinley, Suite 1000
Little Rock, AR 72205
(501) 975-6655